**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 22, 2020**

# In the Court of Appeals of Georgia

A20A1657. BARRAZA v. THE STATE.

MERCIER, Judge.

A jury found Enoc Barraza guilty of three counts of child molestation. Following the denial of his motion for new trial, Barraza appeals, asserting that the trial court erred in overruling his objection to expert testimony and in limiting his cross-examination of a witness. We find these claims to be without merit and affirm.

Barraza was first tried in February 2018, but the jury deadlocked and the trial court declared a mistrial. He was tried again in September 2018. Construing the evidence from the second trial in favor of the verdict, the record shows that Barraza was in a relationship with the victim's mother, and that the victim would visit her mother every other weekend. In April 2017, when the victim was 13 years old, Barraza showed her a dildo and explained to her "what it was for." Barraza also

touched her "boobs on [ ] top of [her] clothes." In a letter to her step-sister, the victim further reported that Barraza "tried to pull down [her] pants and underw[ear] and stick his d*** in [her] p****," asked her how much she would pay him to perform oral sex on her, and told her that when she came over again he was going to have sex with her.

The victim's forensic interview was admitted at trial and played for the jury. In the interview, the victim stated that Barraza touched her on her vagina and buttocks on the outside of her clothes and that Barraza frequently asked her to have sex with him. The State also presented evidence of Barraza's prior acts against minor girls: touching the vaginal area of a two-year old girl, enticing an 11-year-old for indecent purposes, and having sex with an 11-year-old.

Following the presentation of this evidence, the jury found Barraza guilty of three counts of child molestation for touching the victim's vagina, breast, and buttocks. Barraza filed a timely motion for new trial, which the trial court denied. This appeal followed.

1. Barraza argues that the trial court erred in overruling his objection to the testimony of the forensic interviewer, Alicia Chandler, who was qualified as an expert in the process of disclosure, dynamics of child sexual abuse, and forensic interviewing. He complains that it was plain error to allow Chandler's testimony in

the absence of a written report of her findings, and that such error allowed the State to bypass the statutory reciprocal discovery process to his detriment. Barraza asserts that without a report, he had no notice of Chandler's testimony so that he could counter her opinion either through research or an expert of his own.

During a hearing prior to trial, the State explained that it intended to qualify Chandler as an expert and admit her forensic interview of the victim. Barraza's counsel objected to Chandler testifying without a report of her opinions from the forensic interview: "opinions that were generated from her participation in this case from . . . her interview – her examination . . . of the child in this case, then I think they should be reduced to writing." The trial court declined to exclude Chandler's testimony, ruling that defense counsel would be able to cross-examine her, the report does not exist, and "the report itself would be the forensic interview." At trial, after the State tendered Chandler as an expert, defense counsel asked Chandler if she had prepared a report of her forensic interview of the victim. Chandler stated that she had not prepared a report because the video recording of the forensic interview speaks for itself. Defense counsel again objected that without a report to document or reduce to writing Chandler's expert opinion, the State failed to comply with the discovery statute. The trial court overruled counsel's objection.

3

OCGA § 17-16-4 (a) (4) requires the prosecuting attorney to provide to the defendant a report of "any physical or mental examinations and of scientific tests or experiments, including a summary of the basis for the expert opinion rendered in the report, or copies thereof, if the state intends to introduce in evidence in its case-in-chief or in rebuttal the results of the physical or mental examination or scientific test or experiment." In order to exclude expert witness testimony pursuant to this Code section, a defendant must show that the statute applies to the expert testimony. See *Green v. State*, 307 Ga. 171, 172 (1) (835 SE2d 238) (2019). If the statute does apply, "the State's failure to comply with OCGA § 17-16-4 (a) (4) does not result in the automatic exclusion of the testimony at issue. The State would have been prohibited from introducing such evidence only upon a showing of both prejudice to appellant and bad faith by the State." *Murphy v. State*, 299 Ga. 238, 243 (3) (787 SE2d 721) (2016).

Assuming without deciding that a forensic interview qualifies as a physical or mental examination or a scientific test or experiment under OCGA § 17-16-4 (a) (4), Barraza has not shown that he was prejudiced by Chandler's failure to prepare – and the State's failure to disclose – an expert report of Chandler's forensic interview with the victim. See *Williams v. State*, 356 Ga. App. 19, 28 (2) (846 SE2d 190) (2020)

4

(physical precedent only as to Division 2) (the purpose of Georgia's Criminal Discovery Act is "to promote fairness and efficiency in criminal proceedings, and to prevent surprise and trial by ambush." (citations and punctuation omitted)). Not only was defense counsel provided the video recording of the forensic interview, but he also had the benefit of Chandler's testimony from the first trial. The trial court did not abuse its discretion in allowing Chandler's testimony. See *Nichols v. State*, 278 Ga. App. 46, 48 (1) (628 SE2d 131) (2006) (trial court's admission of expert testimony is reviewed for abuse of discretion); see also *Green*, supra at 172 (1) (trial court's ruling on compliance with criminal discovery statute is reviewed for an abuse of discretion).

2. Barraza argues that the trial court erred in sustaining the State's objection to his cross-examination of a detective. "Like most questions about the admissibility of evidence, the scope of cross-examination is committed in the first instance to the sound discretion of the trial court, and we review a limitation of cross-examination only for an abuse of that discretion." *Lucas v. State*, 303 Ga. 134, 136-137 (2) (810 SE2d 491) (2018).

Prior to the start of trial, the State moved in limine to exclude Barraza's statements to the detective who came to his home to speak with him during the

5

investigation. The exchange between Barraza and the detective was audio recorded. The State argued that Barraza's statements were self-serving and asked that there be no reference to them "unless [Barraza] testifies, subject to cross-examination." The trial court granted the State's request "unless and until" the parties could convince him otherwise when the detective was called to testify at trial.

At trial, during direct examination, the detective explained that during her investigation, she "went and spoke with Mr. Enoc Barraza." Later in her testimony, the following exchange took place:

> Q      Now as part of -- let's talk a little bit more about the other things you did in connection with this case. As far as attempting to search Mr. Barraza's home, can you speak a little bit about your attempts to -- to do that . . . ?
>
> A      Okay. Well, I had gone to his house previously trying to get a search warrant, trying to talk to him. So as soon as all this came out, I went to his house just to speak with him, figure out --
>
> Q      And I'm not asking about that.

The prosecutor explained that he was asking specfically about the search of the Barraza's home.

6

During cross-examination, defense counsel asked the detective if she spoke with Barraza at his home. The prosecutor interrupted, and counsel explained that he was "not asking the contents [of Barraza's statements], but - - not yet." The prosecutor objected that defense counsel "is going to be in violation of [the trial court's] ruling on the motion in limine." Defense counsel argued that although the State elected not to admit Barraza's statements into evidence, there were no grounds to prevent him from asking the detective about the statements on cross-examination. The trial court ruled that it would not allow "any further questions about any statements [Barraza] might have made" to the detective.

Barraza argues that because the State "opened the door about there being a statement by Mr. Barraza," defense counsel should have been allowed to question the detective about the statement on cross-examination. He asserts further that self-serving declarations are not expressly excluded under Georgia's Evidence Code. However, the detective's testimony that she went to Barraza's home to speak with him did not open the door to cross-examination regarding the statements made by Barraza during that encounter. See, e.g., *Franks v. State*, 278 Ga. 246, 266 (5) (599 SE2d 134) (2004) (brief mention of polygraph test did not open the door to cross-examination regarding results of the test). Further, although Barraza does not

7

enumerate as error the trial court's ruling on the State's motion in limine to exclude the statements, he argues that they were admissible under OCGA §§ 24-8-801 (d) (2) (admissions by party-opponent) and 24-1-106 (when a written or recorded statement or part of a statement is introduced by a party, an adverse party may require the introduction of any other part of the statement). However, neither of these Code sections apply here. Barraza's statements were not admissions offered by an opponent (the State), and the recorded statements were not introduced by the State. And, in any event, Barraza admits that his statements were self-serving, but he did not testify at trial. "[A] self-serving declaration, such as a statement of one's innocence, remains inadmissible hearsay unless the declarant testifies and is subject to cross-examination." *Morales v. State*, 337 Ga. App. 614, 618 (3) (a) (788 SE2d 535) (2016) (citations and punctuation omitted). Barraza has shown no abuse of the trial court's discretion in limiting his cross-examination of the detective. See, e.g., *Brown v. State*, 280 Ga. App. 884, 887 (1) (635 SE2d 240) (2006) (no abuse of discretion in trial court's limiting defendant's cross-examination of victim where testimony sought was inadmissible).

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.

8